**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JUSTIN LAZANOWSKI and
ABIGAIL LAZANOWSKI,

Plaintiffs,

v. CASE NO.:

COLUMBIA DEBT RECOVERY, LLC
d/b/a GENESIS,

Defendant.
_______________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiffs, Justin Lazanowski and Abigail Lazanowski (hereinafter individually "Mr. Lazanowski" and "Ms. Lazanowski," and collectively "Plaintiffs"), by and through their undersigned counsel, for their cause of action against Defendant, Columbia Debt Recovery, LLC d/b/a Genesis (hereinafter "Columbia" or "Defendant"), and in support thereof respectfully allege violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*; the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*; and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55, *et seq*.

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA, the FDCPA, and the FCCPA.

2. The FCRA imposes duties not only on consumer reporting agencies, but also on the entities that furnish information to them. When a consumer disputes information with a consumer reporting agency, the agency notifies the furnisher, and the FCRA requires the furnisher to conduct a reasonable investigation of the dispute, review all relevant information provided by the consumer, and modify, delete, or permanently block the reporting of any information that is inaccurate, incomplete, or cannot be verified. 15 U.S.C. § 1681s-2(b).

3. Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). Among other things, the FDCPA prohibits debt collectors from falsely representing the character, amount, or legal status of a debt; from communicating credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed; and from collecting any amount not expressly authorized by the agreement creating the debt or permitted by law. 15 U.S.C. §§ 1692e(2)(A), 1692e(8), 1692f(1).

4. The FCCPA similarly prohibits any person, in collecting consumer debts, from claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate. Fla. Stat. § 559.72(9).

5. Columbia attempted to collect, and reported to the national consumer reporting agencies, a debt that Plaintiffs did not owe. Plaintiffs had paid their apartment account in full, the apartment complex itself confirmed the account was sent to collections in error, and Plaintiffs provided proof of a $0 balance. Columbia nonetheless continued to collect and report the debt, and even increased the balance it reported.

## JURISDICTION, VENUE, AND PARTIES

6. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, 15 U.S.C. § 1681p, and 15 U.S.C. § 1692k(d), as this action involves violations of the FCRA and the FDCPA.

7. This Court has supplemental jurisdiction over Plaintiffs' state law claims under the FCCPA pursuant to 28 U.S.C. § 1367, as those claims are so related to the federal claims that they form part of the same case or controversy.

8. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

9. Venue is proper in this District as Mr. and Ms. Lazanowski are natural persons and residents of Pinellas County, Florida; the apartment complex at issue is located in this District; Defendant transacts business within this District; and the violations described in this Complaint occurred in this District.

10. Plaintiffs are father and daughter.

11. Each Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) and 15 U.S.C. § 1692a(3), and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55(8).

12. Columbia is a limited liability company with its principal place of business in the State of Washington and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

13. Columbia does business under the name "Genesis" and reports its collection accounts to the national consumer reporting agencies under the name Columbia Debt Recovery/Genesis.

14. Columbia is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

15. Columbia is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7). Upon information and belief, Columbia uses instrumentalities of interstate commerce and the mails in a business the principal purpose of which is

the collection of debts, and regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

16. Columbia is a "person" within the meaning of Fla. Stat. § 559.72.

17. The alleged obligation Columbia sought to collect from Plaintiffs arose out of the residential lease of an apartment used primarily for personal, family, or household purposes, and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5) and a "debt" or "consumer debt" as defined by Fla. Stat. § 559.55(6).

18. Columbia furnished information about Plaintiffs to the national consumer reporting agencies, Equifax Information Services LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Trans Union LLC ("Trans Union") (hereinafter collectively "CRAs"), which was inaccurate.

## FACTUAL ALLEGATIONS

19. Columbia alleges that Plaintiffs owe a debt on behalf of the Waterview at Rocky Point apartment complex (hereinafter "Waterview"), reported under partial account number ending in *0287 as to Mr. and Ms. Lazanowski (hereinafter collectively the "Columbia Accounts"). Plaintiffs do not owe this debt.

20. Plaintiffs regularly monitor their credit files and have never left any account unpaid.

21. Plaintiffs were co-lessees on an apartment at Waterview from 2022 to 2023.

22. On or about October 3, 2023, the account with Waterview was paid in full, bringing the account to a $0 balance.

23. Upon information and belief, Plaintiffs did not owe anything more to Waterview upon the final payment bringing the account balance to $0.

24. In or about October 2025, Columbia contacted Mr. Lazanowski in an attempt to collect a purported remaining balance owed to Waterview. Mr. Lazanowski was shocked, considering the balance had been paid off in 2023

25. Shortly thereafter, Plaintiffs discovered the Columbia Accounts reporting on their Equifax, Experian, and Trans Union credit reports as collection accounts.

26. Mr. Lazanowski immediately contacted Waterview, who confirmed that the account was sent to collections in error due to an issue with Waterview's computer system.

27. Waterview provided Mr. Lazanowski with a copy of the resident ledger, which accurately reflected a $0 balance owed on the account.

28. In or about December 2025, Plaintiffs forwarded this information directly to Columbia, including the resident ledger reflecting a $0 balance, and advised Columbia that the account had been sent to collections in error and that the debt was not owed.

29. As of December 2025, Columbia knew, or should have known, that the debt it was attempting to collect was disputed, was not owed, and was not legitimate.

30. In or about December 2025, Plaintiffs also submitted disputes to the CRAs explaining that the Columbia Accounts were opened in error and that the debt was not owed.

31. Upon information and belief, the CRAs notified Columbia of Plaintiffs' disputes, pursuant to 15 U.S.C. § 1681i(a)(2), by transmitting Automated Consumer Dispute Verification forms ("ACDVs") to Columbia through the e-OSCAR system.

32. On or about December 31, 2025, Mr. Lazanowski received dispute results from Equifax and Experian advising that the Columbia Account had been verified as accurate and would remain on his credit reports.

33. Upon information and belief, Columbia responded to the CRAs' ACDVs by verifying the Columbia Accounts as accurate, without conducting any reasonable investigation and despite having been provided with documentation from Waterview's own records demonstrating that the balance was $0.

34. On or about January 26, 2026, Mr. Lazanowski obtained copies of his Equifax, Experian, and Trans Union credit reports and observed that the Columbia Account continued to report with a balance of $281 and a status of collection.

35. On or about January 28, 2026, Mr. Lazanowski mailed a detailed dispute letter to the CRAs via USPS Certified Mail, explaining that the account was

erroneous and that he did not owe the debt. Mr. Lazanowski attached images of the erroneous reporting, an image of the resident ledger reflecting a $0 remaining balance, and copies of the checks paid.

36. Mr. Lazanowski mailed his detailed dispute letters via USPS Certified Mail to Equifax (9859 0710 5270 2629 2538 26), Experian (9589 0710 5270 2629 2538 33) and Trans Union (9589 0710 5270 2629 2538 19).

37. On or about February 2, 2026, Ms. Lazanowski mailed a detailed dispute letter to the credit bureaus explaining that the account was erroneous and that she did not owe the debt. In the letter, Ms. Lazanowski requested a copy of her credit report. Ms. Lazanowski included images of her driver's license and social security card to confirm her identity. Ms. Lazanowski also attached images of the erroneous reporting, an image of her move-out statement reflecting a $0 remaining balance, and copies of the checks paid.

38. Ms. Lazanowski mailed her detailed dispute letters via USPS Certified Mail to Equifax (9589 0710 5270 2629 2535 50), Experian (9589 0710 5270 2629 2534 82), and Trans Union (9589 0710 5270 2629 2535 29).

39. Despite confirmation of delivery on February 6, 2026, Ms. Lazanowski did not receive dispute results or a copy of her credit report from Trans Union.

40. On or about February 20, 2026, Ms. Lazanowski received dispute results from Equifax advising that the Genesis Account was verified as accurate and would remain.

41. On or about February 20, 2026, Ms. Lazanowski received dispute results from Experian advising that the Columbia Account was verified as accurate and would remain.

42. On or about March 10, 2026, Ms. Lazanowski obtained updated copies of her credit reports and observed that the Columbia Account continued to be reported, now with a balance of $283 and a status of collection.

43. Upon information and belief, the CRAs again notified Columbia of the dispute and transmitted the documents provided by Plaintiffs to Columbia.

44. On or about February 17, 2026, Mr. Lazanowski received dispute results from Equifax advising that the Columbia Account was verified as accurate and would remain.

45. On or about February 20, 2026, Mr. Lazanowski received dispute results from Experian advising that the Columbia Account was verified as accurate and would remain.

46. On or about March 18, 2026, Mr. Lazanowski obtained updated copies of his credit reports and observed that the Columbia Account continued to be reported, now with an increased balance of $283 and a status of collection.

47. Columbia increased the balance it was reporting and attempting to collect even though the underlying account carried a $0 balance and even though Columbia had been notified, both directly and through the CRAs, that no amount was owed.

48. On or about March 27, 2026, due to the continued inaccurate reporting, Mr. Lazanowski mailed another detailed dispute letter to the CRAs, again explaining that the account was erroneous and that he did not owe the debt, and again attaching images of the erroneous reporting, a move-out statement reflecting a $0 remaining balance, and copies of the checks paid.

49. Mr. Lazanowski did not receive dispute results as to this March round of disputes.

50. Upon information and belief, after receiving Plaintiffs' direct dispute and the CRAs' notices of dispute, Columbia failed to report the Columbia Accounts as disputed by the consumer.

51. Despite Plaintiffs' best efforts to have the erroneous reporting corrected, Columbia continued to report the erroneous Columbia Accounts to the CRAs and to attempt to collect the debt from Plaintiffs.

52. Columbia was attempting to collect a debt from Plaintiffs that was not owed.

53. Columbia was attempting to collect a debt that was illegitimate.

54. Columbia's reporting of the Columbia Accounts to the CRAs was an attempt to collect the alleged debt, as such reporting was intended to, and did, pressure Plaintiffs to pay the alleged debt in order to remove the derogatory collection account from their credit files.

55. Columbia had all the information it needed to determine that the debt was erroneous, including confirmation from Waterview's own records that the balance was $0, yet chose to continue to collect and report the debt regardless.

56. Other individuals have lodged complaints similar to the Plaintiff's in this matter, including direct complaints, CFPB complaints, FTC complaints, and via lawsuits.

57. Had Columbia conducted a reasonable investigation at any point, the result would have been different.

58. As a result of Columbia's conduct, Plaintiffs have suffered damages, including, but not limited to:

i. Monies lost by attempting to fix their credit. Plaintiffs have suffered actual damages in postage paid, wasted ink and paper, and wasted time;

ii. Loss of time and time taken off from work in attempts to cure the errors;

iii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiffs are being physically affected by Columbia's reluctance to fix the errors;

iv. Reduction in credit scores as a result of the derogatory collection account reported by Columbia;

v. Delay in applying for personal loans and lines of credit due to fear of denials from Plaintiffs' lowered credit scores; and

vi. Defamation, as Columbia's false information has been published to third parties, including but not limited to FICO to calculate Plaintiffs' credit scores.

## CAUSES OF ACTION
## COUNT I
## Violation of 15 U.S.C. § 1681s-2(b) as to Defendant, Columbia Debt Recovery, LLC d/b/a Genesis (Negligent)

59. Plaintiffs re-allege and incorporate paragraphs one (1) through fifty-eight (58) above as if fully stated herein.

60. Columbia furnished inaccurate account information to the CRAs, and through the CRAs to all of Plaintiffs' potential lenders.

61. After receiving notice of Plaintiffs' disputes from the CRAs, Columbia violated 15 U.S.C. § 1681s-2(b) by: (i) failing to fully and properly investigate Plaintiffs' disputes of the erroneous Columbia Accounts; (ii) failing to review all

relevant information provided by the CRAs regarding same; (iii) failing to accurately respond to the CRAs; (iv) failing to report the Columbia Accounts as disputed; and (v) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the CRAs.

62. Plaintiffs provided all the relevant information and documents necessary for Columbia to have identified that the account had been paid in full, carried a $0 balance, and was sent to collections in error.

63. Columbia did not have any reasonable basis to believe that Plaintiffs owed the balance reported. Instead, Columbia knowingly chose to follow procedures which did not review, confirm, or verify that the debt was owed, and simply compared its own erroneous data to the data provided by the CRAs.

64. Columbia violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

65. As a direct result of this conduct, action, and/or inaction of Columbia, Plaintiffs suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; reduction in credit scores; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

66. The conduct, action, and/or inaction of Columbia was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

67. Plaintiffs are entitled to recover costs and attorney's fees from Columbia in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiffs, Justin Lazanowski and Abigail Lazanowski, respectfully request that this Court award actual damages against Defendant, Columbia Debt Recovery, LLC d/b/a Genesis; award Plaintiffs their attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other relief the Court may deem just and proper.

## COUNT II
## Violation of 15 U.S.C. § 1681s-2(b) as to Defendant, Columbia Debt Recovery, LLC d/b/a Genesis (Willful)

68. Plaintiffs re-allege and incorporate paragraphs one (1) through fifty-eight (58) above as if fully stated herein.

69. Columbia furnished inaccurate account information to the CRAs, and through the CRAs to all of Plaintiffs' potential lenders.

70. After receiving notice of Plaintiffs' disputes from the CRAs, Columbia violated 15 U.S.C. § 1681s-2(b) by: (i) failing to fully and properly investigate Plaintiffs' disputes of the erroneous Columbia Accounts; (ii) failing to review all

relevant information provided by the CRAs regarding same; (iii) failing to accurately respond to the CRAs; (iv) failing to report the Columbia Accounts as disputed; and (v) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the CRAs.

71. Plaintiffs provided all the relevant information and documents necessary for Columbia to have identified that the account had been paid in full, carried a $0 balance, and was sent to collections in error.

72. Columbia did not have any reasonable basis to believe that Plaintiffs owed the balance reported. Instead, Columbia knowingly chose to follow procedures which did not review, confirm, or verify that the debt was owed, and simply compared its own erroneous data to the data provided by the CRAs.

73. Columbia violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

74. As a direct result of this conduct, action, and/or inaction of Columbia, Plaintiffs suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; reduction in credit scores; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

75. The conduct, action, and/or inaction of Columbia was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

76. Plaintiffs are entitled to recover costs and attorney's fees from Columbia in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiffs, Justin Lazanowski and Abigail Lazanowski, respectfully request that this Court award actual or statutory damages and punitive damages against Defendant, Columbia Debt Recovery, LLC d/b/a Genesis; award Plaintiffs their attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other relief the Court may deem just and proper.

## COUNT III
## Violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10) as to Defendant, Columbia Debt Recovery, LLC d/b/a Genesis

77. Plaintiffs re-allege and incorporate paragraphs one (1) through fifty-eight (58) above as if fully stated herein.

78. Columbia violated 15 U.S.C. §§ 1692e and 1692e(2)(A) by falsely representing the character, amount, and legal status of the alleged debt, including by representing to Plaintiffs and to the CRAs that Plaintiffs owed a balance of $281, and later $283, when the account carried a $0 balance.

79. Columbia violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect or attempt to collect the alleged debt, including by continuing to report a collection balance it knew or should have known was not owed.

80. Columbia had all the information it needed to determine that the debt was erroneous and not owed, yet chose to continue to collect that debt regardless.

81. As a result of the conduct, action, and inaction of Columbia, Plaintiffs suffered from stress, anxiety, worry, fear, frustration, sleeplessness, nervousness, embarrassment, and humiliation, and the damages otherwise outlined in this Complaint.

82. Plaintiffs are entitled to recover actual damages and statutory damages of up to $1,000.00 each from Columbia pursuant to 15 U.S.C. § 1692k(a).

83. Plaintiffs are entitled to recover reasonable attorney's fees and costs from Columbia in an amount to be determined by the Court pursuant to 15 U.S.C. § 1692k(a)(3).

WHEREFORE, Plaintiffs, Justin Lazanowski and Abigail Lazanowski, respectfully request that this Court award actual damages and statutory damages against Defendant, Columbia Debt Recovery, LLC d/b/a Genesis; award Plaintiffs their attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

**COUNT IV**
**Violation of 15 U.S.C. § 1692e(8) as to**
**Defendant, Columbia Debt Recovery, LLC d/b/a Genesis**

84. Plaintiffs re-allege and incorporate paragraphs one (1) through fifty-eight (58) above as if fully stated herein.

85. After Plaintiffs disputed the alleged debt directly with Columbia and through the CRAs, Columbia knew or should have known that the alleged debt was disputed and that the information it was reporting was false.

86. Columbia violated 15 U.S.C. § 1692e(8) by communicating to the CRAs credit information which it knew or should have known to be false, including the balance and collection status of the Columbia Accounts.

87. Upon information and belief, Columbia further violated 15 U.S.C. § 1692e(8) by failing to communicate to the CRAs that the disputed debt was disputed when it continued to report the Columbia Accounts after receiving Plaintiffs' disputes.

88. As a result of the conduct, action, and inaction of Columbia, Plaintiffs suffered from stress, anxiety, worry, fear, frustration, sleeplessness, nervousness, embarrassment, and humiliation, and the damages otherwise outlined in this Complaint.

89. Plaintiffs are entitled to recover actual damages and statutory damages of up to $1,000.00 each from Columbia pursuant to 15 U.S.C. § 1692k(a).

90. Plaintiffs are entitled to recover reasonable attorney's fees and costs from Columbia in an amount to be determined by the Court pursuant to 15 U.S.C. § 1692k(a)(3).

WHEREFORE, Plaintiffs, Justin Lazanowski and Abigail Lazanowski, respectfully request that this Court award actual damages and statutory damages against Defendant, Columbia Debt Recovery, LLC d/b/a Genesis; award Plaintiffs their attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

**COUNT V**
**Violation of 15 U.S.C. § 1692f(1) as to**
**Defendant, Columbia Debt Recovery, LLC d/b/a Genesis**

91. Plaintiffs re-allege and incorporate paragraphs one (1) through fifty-eight (58) above as if fully stated herein.

92. Columbia repeatedly attempted to collect a debt from Plaintiffs it knew or had reason to know was illegitimate.

93. Columbia violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not expressly authorized by the agreement creating the debt or permitted by law, as the account with Waterview had been paid in full and carried a $0 balance.

94. Columbia further violated 15 U.S.C. § 1692f(1) by increasing the balance it sought to collect from $281 to $283, upon information and belief through

the addition of interest, fees, or other charges not authorized by agreement or permitted by law.

95. As a result of the conduct, action, and inaction of Columbia, Plaintiffs suffered from stress, anxiety, worry, fear, frustration, sleeplessness, nervousness, embarrassment, and humiliation, and the damages otherwise outlined in this Complaint.

96. Plaintiffs are entitled to recover actual damages and statutory damages of up to $1,000.00 each from Columbia pursuant to 15 U.S.C. § 1692k(a).

97. Plaintiffs are entitled to recover reasonable attorney's fees and costs from Columbia in an amount to be determined by the Court pursuant to 15 U.S.C. § 1692k(a)(3).

WHEREFORE, Plaintiffs, Justin Lazanowski and Abigail Lazanowski, respectfully request that this Court award actual damages and statutory damages against Defendant, Columbia Debt Recovery, LLC d/b/a Genesis; award Plaintiffs their attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

## COUNT VI
## Violation of Fla. Stat. § 559.72(9) as to Defendant, Columbia Debt Recovery, LLC d/b/a Genesis

98. Plaintiffs re-allege and incorporate paragraphs one (1) through fifty-eight (58) above as if fully stated herein.

99. Columbia violated Fla. Stat. § 559.72(9) by claiming, attempting, or threatening to enforce a debt when it knew that the debt was not legitimate, including by continuing to collect and report the debt after receiving confirmation from Waterview's own records that the account carried a $0 balance.

100. Columbia had all the information it needed to determine that the debt was erroneous and not owed, yet chose to continue to collect that debt regardless.

101. As a result of the conduct, action, and inaction of Columbia, Plaintiffs suffered from stress, anxiety, worry, fear, frustration, sleeplessness, nervousness, embarrassment, and humiliation, and the damages otherwise outlined in this Complaint.

102. Plaintiffs are entitled to recover actual damages, statutory damages of up to $1,000.00 each, and punitive damages from Columbia pursuant to Fla. Stat. § 559.77(2).

103. Plaintiffs are entitled to recover reasonable attorney's fees and court costs from Columbia pursuant to Fla. Stat. § 559.77(2).

WHEREFORE, Plaintiffs, Justin Lazanowski and Abigail Lazanowski, respectfully request that this Court award actual damages, statutory damages, and punitive damages against Defendant, Columbia Debt Recovery, LLC d/b/a Genesis; award Plaintiffs their attorney's fees and costs; award pre-judgment and post-

judgment interest at the legal rate; enjoinder from further violations of these parts; and such other relief the Court may deem just and proper.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs hereby demand a trial by jury of all issues triable by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, Justin Lazanowski and Abigail Lazanowski, respectfully request that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendant, Columbia Debt Recovery, LLC d/b/a Genesis; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 23rd day of November, 2026.

Respectfully submitted,

***/s/ Octavio Gomez***

Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Suite 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
Lisa@theconsumerlawyers.com
*Attorney for Plaintiff*